UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         vs.<br><br>ELIJAH WEST,<br><br>                    Defendant. | CR. 22-50013-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Elijah West filed a motion to sever and a supporting brief. (Dockets 51 & 52).   The government opposed the defendant's motion.   (Docket 53).   For the reasons stated in this order, defendant's motion to sever is granted.

**ANALYSIS**

On January 20, 2022, a grand jury charged defendant Elijah West in a seven-count indictment.   (Docket 1).   On May 19, 2022, a superseding indictment added an additional count and a forfeiture provision.   (Docket 30). The superseding indictment charged the defendant with the January 5, 2022, murders of three individuals, Jamie Graham, Alma Garneaux and Michael White Plume.   Id.   The superseding indictment charged three counts of first degree murder in violation of 18 U.S.C. §§ 1111(a) and 1153, three counts of discharge of a firearm during a crime of violence in violation of 18 U.S.C.

§ 924(c)(l)(A)(iii) and one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   Id.

On the same day, May 19, 2022, the grand jury issued a separate indictment against Mr. West.   (CR. 22-50096 (D.S.D. 2022), Docket 1).   In this indictment, Mr. West was charged with the two counts of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153, two counts of brandishing or discharging of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(l)(A)(iii), two counts of possession of ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) and one count of assault on a federal officer in violation of 18 U.S.C. §§ 111(a) and (b). Id.   The events leading to this indictment occurred between December 6, 2021, and December 28, 2021.   Id.

An order setting a date certain for trial of June 5, 2023, in CR. 22-50013, was entered on March 6, 2023.   (Docket 48).   Five days were scheduled for the trial.   Id. at p. 2.   An order setting a date certain of July 24, 2023, for trial in CR. 22-50096, was entered on March 7, 2023.   (CR. 22-50096, Docket 26). Five days were scheduled for trial in the second case.   Id. at p. 2.

On March 23, 2023, a grand jury issued a second superseding indictment in CR. 22-50013.   (Docket 50).   The second superseding indictment effectively rolled counts I-VII of CR. 22-50096 into CR. 22-50013 as counts VIII-XIV.   Id.

2

RULE 8

Federal Rule of Criminal Procedure 8 is the beginning point when considering a motion for severance.   United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995).   Rule 8 provides that an "indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."   Fed. R. Crim. P. 8(a).   Mr. West does not argue that the inclusion of counts VIII-XIV in the second superseding indictment were improperly joined under Rule 8(a). See Dockets 51 & 52.   For purposes of this analysis, the court will presume the counts of the second superseding indictment are properly joined under Rule 8(a).

RULE 14

Federal Rule of Criminal Procedure 14 allows the court to require separate trials "[i]f the joinder of offenses . . . or a consolidation for trial appears to prejudice a defendant . . . ."   Fed. R. Crim. P. 14(a).   "Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."   United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011).   "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ."   Id. at 625-26 (internal citation omitted).   "[T]here is a

3

strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice." Id. at 626.   "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

Mr. West submits the superseding indictment focused on the January 5, 2022, use of a firearm to murder three individuals at a Manderson, South Dakota, trailer.   (Docket 52 at p. 2).   He contends that based on the investigative reports "an eye witness identified [Mr. West] as the shooter."   Id.

In contrast, defendant points out the indictment in CR. 22-50096, counts eight through fourteen of the second superseding indictment in CR. 22-50013, occurred "between December 6 and December 28, 2021," when he is accused of shooting out the "windows of an occupied vehicle" and then "assault[ing] a tribal officer with a motor vehicle."   Id.   Again, "the reports [of] an eye witness identified [Mr. West] as the shooter."   Id.

The effect of adding counts VIII-XIV into a single trial with counts I-VII in defendant's view "is to force all 14 counts in five [trial] days and . . . prejudice[] the defense . . . [who] would have insufficient time to fully and fairly try all issues[.]"   (Docket 51 at p. 1).   Mr. West argues "the dissimilarity of three murders to the newly added counts prejudices the defense as well."   Id.   He

4

submits the government's trial strategy "deprives [him] of a Fair Trial and Due process[] [and] prejudices the defense by merely showing propensity."   (Docket 52 at pp. 2-3).

The government opposes defendant's motion to sever.   (Docket 53).   It submits "[a]ll charges in the second superseding indictment are alleged to have occurred in a one-month period from December 6, 2021, and January 5, 2022."   Id. at p. 2.   The government contends that "for a one-month period preceding the January 5, 2022, triple murder with a firearm, West repeatedly used, brandished, or discharged firearms."   Id. at p. 4.   The government asserts the forensic testing indicates the shell casings of all three shootings, December 6, December 16 and January 5, were "fired from the same gun."   Id. at p. 5.

According to the government, Mr. West made statements before both the December 16 shooting and the January 5 triple murders that "someone . . . was coming to kill [defendant] and that West was protecting the community from people selling drugs."   Id.   The government submits these statements "alone show[] a common scheme and plan and connect[] each of the cases both temporally and logically."   Id. (referencing United States v. Johnson, 462 F.3d 815, 822 (8th Cir. 2006)).   In the government's view, during this one-month period defendant "repeatedly ramped up his violent behavior, culminating in the murders, and he made statements that his

5

actions in brandishing and discharging his firearms were done to protect the community from drugs." Id.

The government submits the "initial discovery related to the non-murder charges" was disclosed "on June 10, 2022." Id. at p. 7. "The trial . . . can be set for additional days, as the Court calendar permits[,]" the government contends "[b]ut severing charges because the trial might take additional time, based on more counts than if all charges were tried in separate trials, is no basis to sever charges." Id. at pp. 7-8.

The government resists defendant's "propensity" claim Id. at p. 8. It submits the evidence from the separate assaults "should be admissible . . . for their probative value, in accordance with the provisions of Fed. R. Evid. 404(b)." "Far from 'merely showing propensity,' " the government contends "each assault and firearm discharge is highly probative[.]" Id. at p. 8.

"[G]iven the overlap of the evidence related to all charges," the government concludes defendant "is unable to meet his heavy burden to demonstrate any prejudice, let alone 'severe' or 'compelling' prejudice." Id. at p. 9. "Nothing in the record," the government believes "suggests this Court cannot instruct a jury to keep separate the relevant evidence as to each offense, just as it would in a situation involving two defendants." Id. This "remedy short of severance," coupled with the defendant's "insufficient showing of prejudice," in the government's view "require[s] [Mr. West's] motion to sever [to] be denied." Id. at p. 10.

6

To wait ten months to secure the second superseding indictment and only three months before the homicides and firearms trial, leads the court to conclude (1) the government chose to ignore the defendant's timely request for Fed. R. Evid. 404(b) evidence (Docket 19) after the indictment was issued and took upon itself the role of adjudicator of what evidence should be admissible in the homicides trial, and (2) the defendant's argument is compelling that he would be severely and unduly prejudiced by forcing him to go to trial on all 14 counts.   Mr. West faces three mandatory life sentences if convicted of the three first degree murder charges.   It makes little sense in the court's view to permit the government to proceed on all 14 counts when Mr. West has been preparing for the separate homicides trial for the past year.

Furthermore, the court finds the assault and firearm charges in counts VIII-XIV would constitute inadmissible Rule 404(b)(1) evidence in the trial of counts I-VII.   The assault evidence, including the assault of the tribal law enforcement officer, run the high risk of showing Mr. West's propensity for violence.   United States v. Stroud, 673 F.3d 854, 860 (8th Cir. 2012).   The court finds the proffered Rule 404(b) evidence, that is, the factual allegations which supported the separate indictments, is unduly prejudicial and is likely to confuse and mislead the jury if presented during a single trial of all 14 counts.

The evidence is too prejudicial under Rule 403 to be allowed under Rule 404(b).   United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996).

7

Fed. R. Crim. P. 14(a) compels the court to find that severance of counts VIII-XIV of the second superseding indictment is necessary to prevent severe and unfair prejudice to the defendant.

When the government secured the second superseding indictment, the court indicated to the parties that the government's belief only a few more days would be required to try all 14 counts was misplaced. The order establishing a date certain for trial of counts I-VII of the superseding indictment was set because the parties indicated five days were necessary and the court had only five days available. The trial cannot continue into the following week of June 12, 2023, as the court's calendar will not allow the extra days. For that reason, the parties were instructed to keep the June 5 trial date in place until the court heard defendant's anticipated Rule 14 motion or a *sua sponte* order under Rule 14 was entered.

Trial on counts I-VII will proceed as scheduled under the March 6, 2023, order. (Docket 48). Pursuant to 18 U.S.C. § 3161(h)(1)(B), the time from this order until the conclusion of the trial of counts I-VII shall be excluded in computing the time within which the trial of counts VIII-XIV must commence.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motion to sever (Docket 51) is granted.

IT IS FURTHER ORDERED that the trial on counts I-VII shall proceed pursuant to a new scheduling order.[1]

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3161(h)(1)(B) and in the interest of justice, the time from this order until the conclusion of the trial of counts I-VII shall be excluded in computing the time within which the trial of counts VIII-XIV must commence.

Dated May 9, 2023.

BY THE COURT:

/s/ Jeffrey L. Viken
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[1]On the eve of the court's planned filing of this order, defendant filed a motion for continuance of the trial and requested a date certain for trial. (Docket 54).